Kimberly J. Kinser, DC SBN #480284
Kinser Law Office, PC
2425 N. Central Expy., Suite 700
Richardson, Texas 75080
Telephone:   (972) 491-1145
Facsimile:   (972) 294-3391
E-mail:   kimberly@kinserlaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN, TEXAS

_____

| | | |
|---|---|---|
| Safia Khanum CHAUDHARY | ) | |
| | ) | |
| Plaintiff | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Antony BLINKEN, in his Official Capacity, | ) | |
| Secretary of State, U.S. Department of State | ) | |
| Donald A. BLOME, in his Official Capacity, | ) | |
| Ambassador of the United States Embassy, | ) | |
| Islamabad, Pakistan | ) | |
| Andrew SCHOFER, in his Official Capacity, | ) | Agency No.   ISL2008831019 |
| Deputy Chief of Mission at the United States | ) | |
| Embassy, Islamabad, Pakistan | ) | |
| Rena BITTER, in her Official Capacity, | ) | |
| Assistant Secretary, U.S. Department of State, | ) | |
| Bureau of Consular Affairs | ) | |
| Merrick B. GARLAND, in his Official Capacity, | ) | |
| Attorney General of the United States | ) | |
| Alejandro MAYORKAS, in his Official Capacity, | ) | |
| Secretary of the U.S. Department of Homeland | ) | |
| Security | ) | |
| Ur JADDOU, in her Official Capacity, Director of | ) | |
| the U.S. Citizenship and Immigration Services | ) | |
| | ) | |
| Defendants. | ) | |

_____

*Plaintiff's Original Complaint – Writ of Mandamus*

-1-

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS**

COMES NOW Safia Khanum CHAUDHARY, Plaintiff in the above-styled and numbered

cause, and for cause of action would show unto the Court the following:

1.      This action is brought by Plaintiff against the Defendants to compel action on two

(2) applications for immigrant visa and alien registration properly filed by the Plaintiff Safia

Khanum CHAUDHARY's sister and brother-in-law. On March 7, 2014, Plaintiff Safia Khanum

CHAUDHARY's sister, brother-in-law, and niece (who is now married and no longer qualifies for

the immigrant visa as a result) filed applications for immigrant visas and alien registration. On

November 12, 2014, Plaintiff Safia Khanum CHAUDHARY's sister, brother-in-law, and niece

were interviewed at the U.S. Embassy in Islamabad, Pakistan on their applications for an

immigrant visa and alien registration. At their interview, Plaintiff Safia Khanum CHAUDHARY's

sister, brother-in-law, and niece were asked to submit additional documents in the form of a joint

sponsor affidavit of support. On December 8, 2014, Plaintiff Safia Khanum CHAUDHARY's

sister, brother-in-law, and niece submitted the additional documentation that had been requested

during their interview, as instructed by the U.S. Embassy in Islamabad, Pakistan. In July 2015,

Plaintiff Safia Khanum CHAUDHARY's sister (the primary beneficiary) sent an email inquiry to

the U.S. Embassy in Islamabad, Pakistan to follow-up on the processing of her and her family's

immigrant visa applications. She received a response stating that their applications were "Under

Process". In March 2016, Plaintiff Safia Khanum CHAUDHARY's sister sent another email

requesting her and her family's passports back, but did not hear anything back from the U.S.

Embassy in Islamabad, Pakistan or its courier service. In November 2016, Plaintiff Safia Khanum

CHAUDHARY's sister sent another email inquiry to ascertain the status of her and her family's

*Plaintiff's Original Complaint – Writ of Mandamus*

immigrant visa applications. She received a response back from the U.S. Embassy in Islamabad, Pakistan requesting new documentation. On July 6, 2017, Plaintiff Safia Khanum CHAUDHARY's sister and brother-in-law submitted the new documentation as requested, including new applications for immigrant visas, an affidavit of support and joint sponsor letter, new passport style photos, and new medical exams via the AEG courier used by the U.S. Embassy in Islamabad, Pakistan. Plaintiff's niece did not submit another DS-260 because she had gotten married in 2016 and no longer qualified as a derivative beneficiary due to her marriage. In July 2017, Plaintiff Safia Khanum CHAUDHARY's sister sent an email inquiry to the U.S. Embassy in Islamabad, Pakistan requesting an update. She received a response back stating that the case was "Under Process". In December 2017, Plaintiff Safia Khanum CHAUDHARY's sister sent another email inquiry to the U.S. Embassy in Islamabad, Pakistan. She received a response stating, "Immigrant visa is refused for administrative process. Unfortunately, we are unable to predict the amount of time we will take to process your case and your visa will be considered when the administrative process is complete." In December 2017, Plaintiff Safia Khanum CHAUDHARY's sister checked her immigrant visa case status online and the online case status showed "Administrative Process". Later, in December of 2017, Plaintiff Safia Khanum CHAUDHARY's sister requested that her and her family's passports be returned to them. The passports were returned in 2018. In 2019, Plaintiff Safia Khanum CHAUDHARY's sister sent an email inquiry to the U.S. Embassy in Islamabad, Pakistan. She received a response stating that the case was still under administrative process. In 2020, Plaintiff Safia Khanum CHAUDHARY's sister sent an email inquiry to the U.S. Embassy in Islamabad, Pakistan. She received a response stating that the case was still under administrative process. In 2021, Plaintiff Safia Khanum CHAUDHARY's sister sent an email inquiry to the U.S. Embassy in Islamabad, Pakistan. She received a response

*Plaintiff's Original Complaint – Writ of Mandamus*

stating the case was still under administrative process. In April 2022, Plaintiff Safia Khanum CHAUDHARY's sister sent an email inquiry to the U.S. Embassy in Islamabad, Pakistan. She received a response stating the case was "refused". The U.S. Embassy in Islamabad, Pakistan has been adjudicating the Plaintiff Safia Khanum CHAUDHARY's sister's and husband's immigrant visa applications since 2014, almost nine (9) years. The immigrant visa applications filed by Plaintiff Safia Khanum CHAUDHARY's sister and brother-in-law are within the jurisdiction of the Defendants, who have improperly denied and failed to take any further appropriate action on said application in violation of Plaintiff's constitutional right to due process under the law to the Plaintiff's detriment. If the immigrant visa applications have been denied, the applicants have not been notified in writing the reason for denial, as required by law, and have thus been denied their constitutional rights of due process in that they have not been given an opportunity to appeal to a higher authority or been able to request further review of the U.S. Embassy in Islamabad, Pakistan's adverse decision by the U.S. Department of State's headquarters in Washington, D.C. If the immigrant visa applications have been denied due to and adverse recommendation by the U.S Embassy in Islamabad, Pakistan that the immigrant visa petition be returned to the U.S. Department of Homeland Security, Citizenship and Immigration Service for revocation, Plaintiff Safia Khanum CHAUDHARY has not received any notification from either the National Visa Center or the U.S. Citizenship and Immigration Service regarding her immigrant visa petition (Form I-130) being revoked, nor has she been afforded the opportunity to respond to such recommendation for revocation by the U.S. Embassy in Islamabad, Pakistan, if any.

## PARTIES

2.    Plaintiff Safia Khanum CHAUDHARY is a 56-year-old citizen of the United States. Plaintiff's eldest sister, Shahida Khanum Shafiq, and brother-in-law, Shafiq Ahmad, are citizens

*Plaintiff's Original Complaint – Writ of Mandamus*

of Pakistan. On January 7, 1997, Plaintiff filed an immigrant visa petition (Form I-130) for the benefit of her eldest sister and her derivative spouse and child with Defendant USCIS. On January 22, 1997, Plaintiff's immigrant visa petition for the benefit of her sister, Shahida Khanum Shafiq, classifying her as the sibling of Plaintiff, a U.S. citizen, within the meaning of the Immigration and Nationality Act § 203(a)(4), 8 U.S.C. § 1151 (a)(4), was approved by Defendant USCIS. Defendant USCIS forwarded the Plaintiff's petition to Defendants U.S. Department of State (hereinafter "DOS") and National Visa Center (hereinafter "NVC"), for further processing and immigrant visa issuance by Defendant Embassy of the United States Islamabad, Pakistan (hereinafter "Embassy"). On November 12, 2014, Plaintiff's sister, brother-in-law (derivative), and niece (who is now married and no longer an eligible derivative as a result of her marriage) attended an interview at the Defendant Embassy in connection with their applications for immigrant visas based on the Plaintiff's approved immigrant visa petition. Defendant Embassy denied Plaintiff's sister's and brother-in-law's immigrant visa applications in April 2021, but provided them with no reason for said denial. Defendant Embassy's wrongful denial of the immigrant visas and subsequent inaction has continued for almost seven (7) years, despite repeated contact made by the Plaintiff's sister with Defendant Embassy requesting updates on the status of her and her husband's immigrant visa applications.

3.    Defendant Antony BLINKEN is the Secretary of States of the United States of America, and this action is brought against him in his official capacity. He is generally charged with supervisory authority over all operations of the United States Department of State. 8 C.F.R. § 1104. More specifically, the Secretary is responsible for granting or refusal of visas pursuant to § 104(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1104(a)(1). Pursuant to 8 U.S.C. § 1154(b), the Secretary is also responsible for performing background and security checks prior to

*Plaintiff's Original Complaint – Writ of Mandamus*

the issuance or refusal of visas, and shall authorize the consular officer concerned to grant the preference status under 8 U.S.C. §1151(b). The Secretary's authority has, in part, been delegated to the Ambassador of the United States Embassy Islamabad, Pakistan, the Deputy Chief of Mission at the Embassy of the United States Islamabad, Pakistan, and the Embassy of the United States Islamabad, Pakistan, and they are subject to the Secretary's supervision.

4.    Defendant Donald A. BLOME is the Ambassador of the United States Embassy Islamabad, Pakistan, and this action is brought against him in his official capacity. He is generally charged with supervisory authority over all operations of the United States Embassy Islamabad, Pakistan. 22 U.S.C. § 3927. More specifically, the Ambassador is responsible for the actions of the consular officers at the United States Embassy Islamabad, Pakistan. The Embassy of the United States Islamabad, Pakistan is the person to whom the Secretary's authority has, in part, been delegated, and is subject to the Secretary's supervision.

5.    Defendant Andrew SCHOFER is the Deputy Chief of Mission at the Embassy of the United States Islamabad, Pakistan, and this action is brought against him in his official capacity. He is generally charged with supervisory authority over all operations of the Consular Section of United States Embassy Islamabad, Pakistan, including all consular officers. 22 U.S.C. § 3927. More specifically, the consular officers at the Embassy of the United States Islamabad, Pakistan are responsible for the granting or refusal of immigrant visas pursuant to §§ 101(a)(16), 221(a), and 224 of the Immigration and Nationality Act, and 8 U.S.C. §1104(a)(1). The Embassy of the United States Islamabad, Pakistan is the person to whom the Secretary's authority has, in part, been delegated, and is subject to the Secretary's supervision.

6.    Defendant Rena BITTER is the Assistant Secretary, U.S. Department of State's

*Plaintiff's Original Complaint – Writ of Mandamus*

-6-

Bureau of Consular Affairs, and this action is brought against her in her official capacity. She is generally charged with supervisory authority over all operations of the U.S. Department of State's Consular Affairs. More specifically, the Director is responsible for the consular officers at the U.S. Department of State's Consulates. The U.S. Department of State's Bureau of Consular Affairs is an agency to whom the Secretary's authority has, in part, been delegated, and is subject to the Secretary's supervision.

7.    Defendant Merrick B. GARLAND is the Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the United States Department of Homeland Security. 8 U.S.C. § 1103. More specifically, the Attorney General is responsible for determining eligibility for immigrant status under § 204(a)(1)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1154. Pursuant to 8 U.S.C. §1154(b), the Attorney General shall, if he determines that the facts stated in the immigrant visa petition are true and that the alien in behalf of whom the petition is made is an immediate relative, as defined by 8 U.S.C. § 1151(b), approve the petition and forward one copy thereof to the Department of State. The United States Department of Homeland Security is an agency to whom the Attorney General's authority has, in part, been delegated, and is subject to the Attorney General's supervision.

8.    Defendant Alejandro MAYORKAS is the Secretary of the United States Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security 8 U.S.C. § 1103. More specifically, the Secretary is responsible for

*Plaintiff's Original Complaint – Writ of Mandamus*

adjudications of immigrant visa petitions filed pursuant to 8 C.F.R. § 204. The United States Citizenship and Immigration Services is an agency to whom the Secretary's authority has, in part, been delegated, and is subject to the Secretary's supervision.

9.      Defendant Ur JADDOU is the Director of the United States Citizenship and Immigration Services, and this action is brought against her in her official capacity. She is generally charged with granting benefits under the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the United States Citizenship and Immigration Services 8 U.S.C. § 1103. More specifically, the Director is responsible for adjudications of applications for adjustment of status filed pursuant to § 245(a) of the Immigration and Nationality Act, 8 USC § 1255(a).

**JURISDICTION**

10.      This is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities owed to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties Defendants owe to Plaintiff. Relief is not barred by § 242(a)(2)(B)(i) of the Immigration and Nationality Act because Plaintiff does not seek to have the Court issue a decision on Plaintiff's sister's and brother-in-law's applications, rather only to compel the government agencies which have neglected their duties under the law to take action.

11.      Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by the inaction of Defendant agencies in this case, more specifically, Defendants have failed to act on the Plaintiff's sister's and brother-in-law's applications for immigrant visa within a reasonable period of time, as the Administrative Procedures Act ("APA") requires, in order to confer jurisdiction on the District Courts. 5 U.S.C. § 551 *et seq.* Relief is requested pursuant to said statutes.

12.      Jurisdiction is conferred on this Court under 28 U.S.C. §§ 2201 and 2202,

*Plaintiff's Original Complaint – Writ of Mandamus*

authorizing a declaratory judgment.

13.    Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d), *et seq.*

## VENUE

14.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e)(1)(C), in that this is a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which the plaintiff resides if no real property is involved in the action.

## EXHAUSTION OF REMEDIES

15.    Plaintiff has exhausted all administrative remedies. Plaintiff's sister has made numerous inquiries concerning the status of Plaintiff's sister's and brother-in-law's immigrant visa applications.

## CAUSE OF ACTION

16.    Although Defendant Embassy has acknowledged that the applications for immigrant visas were properly filed, it has denied the application and provided the applicants and the Plaintiff with no reason for denial. And although Defendant Embassy has been in possession of Plaintiff's sister's and brother-in-law's immigrant visa applications since March 7, 2014, the Plaintiff's sister's and brother-in-law's applications for immigrant visas remains with their office with no official final action being taken on the applications. Despite having been requested on numerous occasions to proceed with the case and complete it, Defendant Embassy has continuously failed to do so for an egregious unreasonable period of time.

17.    Plaintiff's sister's and brother-in-law's applications for immigrant visas have now

*Plaintiff's Original Complaint – Writ of Mandamus*

been in the possession of Defendant Embassy for well over nine (9) years, since it is now 2023.

18.     There are no reasons that Plaintiff's sister or brother-in-law are disqualified for an immigrant visa. Plaintiff's petition for an immigrant visa for the benefit of her sister was approved by Defendant USCIS on January 22, 1997.

19.     Plaintiff asserts that the Defendants have no legal basis for failing to proceed with making a final decision or determination on Plaintiff's sister's and brother-in-law's immigrant visa applications.

20.     Plaintiff has no other administrative remedies. There are no administrative remedies provided for neglect of duty.

21.     Furthermore, Defendants, by wrongfully denying and subsequently failing to provide any written decision to Plaintiff's sister and brother-in-law on their applications for immigrant visas, are denying Plaintiff her right to request review of the denial by the U.S. Department of State's headquarter office in Washington, DC. While the doctrine of consular nonreviewability typically prevails in visa proceedings, the instant case is not requesting reviewability, but rather action by an administrative agency. Plaintiff has a constitutional right to due process and her rights under the Administrative Procedures Act have been infringed upon by Defendant Embassy.

22.     A Mandamus Petition is appropriate because there is no other remedy at law. Plaintiffs seek to compel a decision to be made, in terms of both mandamus and in terms of Administrative Procedures Act for administrative action wrongfully withheld for an unreasonable period of time. Defendant Embassy stated that it denied the Petitioner's sister's and brother-in-law's immigrant visa applications in April 2021, but has failed to provide any written decision stating the reason or reasons for denial and has not returned the immigrant visa petition back to

*Plaintiff's Original Complaint – Writ of Mandamus*

the U.S Citizenship and Immigration Service for revocation.

23.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to properly adjudicate Plaintiff's sister's and brother-in-law's applications for immigrant visas for an egregious unreasonable period of time, thereby depriving Plaintiff of the right to a written decision on Plaintiff's sister's and brother-in-law's applications for immigrant visas and the peace of mind to which Plaintiff is entitled.

24.    Plaintiff has been greatly damaged by the failure of the Defendants to act in accordance with their duties under the law as follows:

a)    Plaintiff has been damaged by simply being deprived of the company of her sister and brother-in-law during the interminable pendency of their immigrant visa applications for almost nine (9) years since their initial immigrant visa interviews in 2014.

b)    Plaintiff has incurred emotional damages as a result of the delay in adjudication of her sister's and brother-in-law's applications for immigrant visas, including separation from her eldest sister, loss of sleep, headaches, and the mental stress associated with having to make long trips to Pakistan to see her eldest sister and brother-in-law, at great expense to Plaintiff. Plaintiff's eldest sister is like a mother to Plaintiff. They are very close and Plaintiff's eldest sister's absence from her life during the immigration process, which began in January of 1997, has become unbearable for Plaintiff.

c)    Plaintiff has incurred financial damages as a result of the delay in adjudication of Plaintiff's sister's and brother-in-law's applications for immigrant visas, including large amounts of attorney and filing fees, doctor and medical fees, and the high cost of international telecommunication and travel.

*Plaintiff's Original Complaint – Writ of Mandamus*

d)      Plaintiff has further been damaged in that the U.S. government has failed to explain its general neglect of duty.

e)      Plaintiff's niece is now in the United States on an H-1B visa and is pregnant with her first child, which is due in October 2023. Without the presence of Plaintiff's sister in the United States to assist Plaintiff's niece, Plaintiff will be alone in assisting her niece with her first and second newborn child the first few months after the birth because Plaintiff niece is a full-time resident physician in the United States. Plaintiff will incur further emotional and financial damages by having to take leave from work to assist her niece.

25.      Plaintiff asserts that the Defendant has no legal basis for failing to proceed with final adjudication, including a written decision explaining the reasons for denial, if any, on her sister's and brother-in-law's applications for immigrant visas.

26.      The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's sister's and brother-in-law's applications for immigrant visas and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's sister's and brother-in-law's immigrant visa applications.

27.      Plaintiff's sister has made numerous status inquiries in an attempt to secure adjudication of Plaintiff's sister's and brother-in-law's applications, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

28.      A Mandamus Petition is appropriate because there is no other remedy at law. Plaintiff seeks to compel a written decision to be issued, in terms of both mandamus, and in terms of the Administrative Procedures Act for administrative action wrongfully withheld, and seeks a

*Plaintiff's Original Complaint – Writ of Mandamus*

declaratory judgment.

## PRAYER

29.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    that the Defendants be required to issue a written decision on Plaintiff's sister's and brother-in-law's applications for immigrant visas;

(b)    awarding Plaintiff reasonable attorney's fees and costs of court; and

(c)    granting such other relief at law and in equity as justice may require.

30.    Plaintiff further prays that if a decision by an administrative agency is issued and is adverse to Plaintiff, that the decision include justification and explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Ambassador's or Consul General's inefficiency to the senior officers of the U.S. Department of States, the U.S. Department of Homeland Security, the U.S. Citizenship and Immigration Services, and the U.S. Department of Justice.

Respectfully Submitted,

Kimberly J. Kinser, DC SBN #480284

Kinser Law Office, PC
2425 N. Central Expy., Suite 700
Richardson, Texas 75080
Telephone:    (972) 491-1145
Facsimile:    (972) 294-3391
E-mail:    kimberly@kinserlaw.com

Attorney for Plaintiff

*Plaintiff's Original Complaint – Writ of Mandamus*

-13-